# NOS. 12-20-00068-CR
## 12-20-00069-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *PHILIP J. EMERSON, JR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Philip J. Emerson, Jr., acting pro se, filed this original proceeding to complain of actions or inactions by the following Respondents: (1) Kelley Price, Wood County Clerk, (2) the Honorable Jeff Fletcher, Judge of the 402nd District Court in Wood County, Texas, and (3) the Honorable Lucy Hebron, Wood County Judge.[1]  We deny the writ.[2]

## BACKGROUND

In trial court cause numbers CR19-043-3, CR19-044-3, CR19-045-3, and CR19-046-3, Emerson was charged with four misdemeanor offenses in the Wood County Justice of the Peace Court, Precinct 3.  On May 24, 2019, Emerson filed a motion demanding recusal of the presiding judge, Judge Jerry E. Parker.  Judge Parker subsequently signed four orders transferring the cases to Judge Janae Holland, Justice of the Peace Court, Precinct 2.  The cases received new cause numbers, CR20-012-2, CR20-013-2, CR20-014-2, and CR20-015-2, and those cases remain pending.

In January 2020, Emerson attempted to file applications for writ of habeas corpus, in which he sought dismissal of the four misdemeanor cases against him, with the Wood County Clerk's Office.  The filings were rejected because "Writs of Habeas Corpus are filed in the 402nd District

---

[1] The State of Texas is the Real Party in Interest.

[2] Emerson filed a single petition that addressed numerous respondents and trial court proceedings, both civil and criminal.  This Court severed the petition into two civil cause numbers and two criminal cause numbers.

[C]ourt." On January 31, Emerson filed his applications in the 402nd District Court, cause numbers 2020-062, 2020-063, 2020-064, and 2020-065. The record reflects that Judge Fletcher's court coordinator sent notice setting Emerson's applications for February 18, but that hearing never occurred. Emerson filed this original proceeding on February 28.

## AVAILABILITY OF MANDAMUS

In this proceeding, Emerson presents the following complaints with respect to trial court cause numbers 2020-062, 2020-063, 2020-064, and 2020-065: (1) County Clerk Price failed to file his applications for writ of habeas corpus and this Court possesses jurisdiction to require that she file the applications; (2) in the alternative, Judge Fletcher abused his discretion by cancelling the scheduled hearing on Emerson's habeas applications and should be ordered to hear and rule on the applications; and (3) in the alternative, Judge Hebron should be directed to grant Emerson's habeas applications.

### Standard of Review

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong of this test, mandamus relief should be denied. *Id*.

### The County Clerk

According to Emerson, County Clerk Price improperly refused to file his habeas applications and the harm stemming from that failure is compounded by the fact that Judge Fletcher subsequently cancelled the hearing on his applications, thereby denying him justice.

This Court's mandamus authority is limited to (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Texas Code of Criminal Procedure Chapter 52 in the court of appeals district; (3) an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge; or (4) a situation in which a writ of mandamus is necessary to protect the Court's jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2005). The County Clerk is not a judge over which this Court possesses mandamus authority. *See id*.; *see generally In*

2

*re Eaton*, No. 12–15–00118–CR, 2016 WL 6876502, at *1 (Tex. App.–Tyler, Nov. 22, 2016, orig. proceeding) (mem. op., not designated for publication) (appellate court lacked jurisdiction to consider merits of mandamus petition as to district clerk). Nevertheless, Emerson contends that a writ of mandamus directed to the County Clerk is necessary to protect this Court's jurisdiction because: (1) "an appeal from a trial court's denial of an application for writ of habeas corpus, after an evidentiary hearing, may be brought to this Court;" and (2) "a pending appeal is at this Court having the same subject matter at its core—judicial disqualification."

Emerson is correct that denial of relief on a pretrial writ of habeas corpus may be appealed immediately. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). However, the pending appeal to which he refers arises out of trial court cause number 2019-327, a civil matter, in which Emerson filed a petition for "writs of mandamus" against Judge Parker in Judge Fletcher's court. Emerson requested declaratory relief and asserted claims for negligence, negligence per se, negligent and intentional infliction of emotional distress, false imprisonment, civil conspiracy, and constitutional violations, and sought damages. Judge Parker filed a plea to the jurisdiction on grounds that all acts complained of arose from judicial acts and are barred by judicial immunity. Judge Fletcher granted the plea and denied Emerson's motion to set aside the order granting the plea.[3] Emerson appealed and that appeal is currently pending in appellate cause number 12-19-00359-CV. In his habeas applications, which involve criminal matters, Emerson sought dismissal with prejudice of the four misdemeanor cases against him based on errors that Judge Parker allegedly made. According to Emerson, he should not have been charged with any crime, Judge Holland lacks jurisdiction because Judge Parker failed to properly transfer the cases under the applicable statutes, and his right to a speedy trial has been violated.

Whether Emerson is entitled to proceed with his suit for civil damages against Judge Parker or is entitled to dismissal of the misdemeanor charges against him are two separate matters. Even so, assuming the County Clerk erroneously declined to file the habeas applications, the District Clerk did file those applications and the 402nd District Court is not without jurisdiction to consider and rule upon Emerson's applications for writ of habeas corpus.[4] *See* TEX. CRIM. PROC. ANN. art.

---

[3] Emerson attempted to seek mandamus relief from the denial of his motion to set aside, but this Court denied the petition because an adequate remedy by appeal exists. *See In re Emerson*, No. 12-19-00320-CV, 2019 WL 5258062 (Tex. App.—Tyler Oct. 17, 2019, orig. proceeding) (mem. op.).

[4] The basis for the County Clerk's statement that habeas applications are filed in the district court is not apparent from the record. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005) (giving various courts, including

11.05 (West 2005) (granting district courts power to issue writ of habeas corpus); *see also **Ex parte Gomez***, No. 07-16-00196-CR, 2016 WL 6156226, at *1 (Tex. App.—Amarillo Oct. 20, 2016, no pet.) (mem. op., not designated for publication) (district court has jurisdiction to hear habeas writs in misdemeanor cases). That Judge Fletcher has yet to rule on those applications does not demonstrate that Emerson has been prejudiced by the County Clerk's failure to file his applications, as a trial court has a reasonable time in which to rule on an application for writ of habeas corpus. *See **In re Cepeda***, No. 14-17-00448-CR, 2017 WL 2701761, at *1 (Tex. App.—Houston [14th Dist.] June 22, 2017, no pet.) (mem. op., not designated for publication) (per curiam); *see also **In re Villarreal***, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, no pet.). Ordering the County Clerk to file the applications when those same applications have been filed and are pending in a court with jurisdiction would have no practical effect under the circumstances of this case. *See **In re Charleston***, No. 06-10-00037-CR, 2010 WL 1878690, at *2 (Tex. App.—Texarkana May 12, 2010, orig. proceeding) (mem. op., not designated for publication) (an appellate court does not grant mandamus relief when it would be of no practical effect or would be useless or unavailing). Accordingly, we decline to exercise mandamus authority over the County Clerk or grant mandamus relief as to this issue.

**Judge Fletcher**

In the alternative, Relator maintains that Judge Fletcher abused his discretion by removing his habeas applications from the docket scheduled for February 18, 2020.

A writ of habeas corpus "shall be granted without delay by the judge or court receiving the petition, unless it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever." TEX. CODE CRIM. PROC. ANN. art. 11.15 (West 2005). An appellate court possesses jurisdiction to issue a writ of mandamus to compel a district court to consider and rule on a pending application for writ of habeas corpus if (1) relator asked the trial court to rule on his application, and (2) the trial court either refused to rule or failed to rule on the application within what constitutes a reasonable time, considering all the surrounding circumstances. *Cepeda*, 2017 WL 2701761, at *1. No bright line demarcates the boundaries of a reasonable time period. *Villarreal*, 96 S.W.3d at 711. Many indicia are influential, including the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's

---

county courts, habeas authority), 11.09 (West 2005) (in misdemeanor case, person may apply to county judge for habeas relief).

docket, and the existence of other judicial and administrative matters which must be addressed first. *Id*. "So too must the trial court's inherent power to control its own docket be included in the mix." *Id*. Because that power is discretionary, we are "wary of interfering with its exercise without legitimate basis." *Id*.

We first note that a judge should consider a habeas application on the earliest day which the judge can devote to hearing the cause of the applicant, but a judge is not required to hold a live hearing on a pre-trial application for writ of habeas corpus before rendering a decision.[5] *See Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.); *see also Lara v. State*, No. 04-15-00176-CR, 2016 WL 2936548, at *6-7 (Tex. App.—San Antonio May 18, 2016, pet. ref'd) (mem. op., not designated for publication); TEX. CODE CRIM. PROC. ANN. art. 11.11 (West 2005). And with respect to whether a reasonable time for ruling has passed, the record contains no evidence of the number of other cases, motions, or issues pending on Judge Fletcher's docket, those which have pended on the docket longer than the present case, those pending on the docket that lawfully may be entitled to preferential settings, or Judge Fletcher's schedule. Emerson maintains that he learned from the bailiff and court coordinator that Judge Fletcher removed his applications from the docket because of stay orders in his civil cases.[6] Nevertheless, the record does not indicate an overt refusal to entertain the applications, as opposed to considering them on a different date. Moreover, the applications have been pending since January 31, and Emerson filed his petition for writ of mandamus on February 28, less than thirty days after filing the applications. Regardless of why Judge Fletcher cancelled the hearing on Emerson's applications, we cannot conclude that a reasonable time for ruling has passed. *See Villarreal*, 96 S.W.3d at 711 (declining to conclude that

---

[5] Under Article 11.10, which applies to Articles 11.08 (felony) and 11.09 (misdemeanor), a judge shall appoint a time when he will examine the cause of the applicant, and issue the writ returnable at that time, in the county where the offense is charged in the indictment or information to have been committed. TEX. CODE CRIM. PROC. ANN. arts 11.08, 11.09, 11.10 (West 2005). He shall also specify some place in the county where he will hear the motion. *Id*. at art. 11.10. Again, this does not mean that the trial court must conduct a live hearing. *See Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.); *see also Lara v. State*, No. 04-15-00176-CR, 2016 WL 2936548, at *6-7 (Tex. App.—San Antonio May 18, 2016, pet. ref'd); *Ex parte Roane*, No. 05-12-01522, 2014 WL 31698, at *3 (Tex. App.—Dallas Jan. 6, 2014, no pet.) (op., not designated for publication).

[6] The record indicates that Judge Fletcher signed stay orders in Emerson's civil cases against Judge Parker and other parties, in trial court cause numbers 2019-327 and 2019-680. The orders state that the cases are stayed pending a ruling on Emerson's claims of indigence and the stays will be lifted once the court makes a decision. The record does not demonstrate why these stays in Emerson's civil cases would impact Judge Fletcher's decision to rule on the pending habeas applications. Nevertheless, on March 12, 2020, the Honorable Lauren Parish, Senior Judge of the 115th District Court in Upshur County, Texas, and assigned to the 402nd District Court, signed an order concluding that Emerson has the ability to afford payment of court costs.

failure to act within approximately five months on habeas application is per se unreasonable); *see also **In re Mendoza***, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, no pet.) (declining to hold that passage of three months since filing of habeas applications is per se unreasonable or presume that mere passage of three months amounted to refusal to act). At this juncture, we conclude that Emerson is not entitled to a writ of mandamus ordering Judge Fletcher to rule on his habeas applications.[7]

## Judge Hebron

Also in the alternative, Emerson asks this Court to order Judge Hebron to issue writs granting the relief requested in his habeas applications. However, we have already determined that Emerson's applications are pending in a court with jurisdiction to consider them and a reasonable time for ruling on those applications has not passed. It would be of no practical effect to order Judge Hebron to rule on habeas applications that are already pending in a court with jurisdiction.[8] Thus, we need not address this particular issue. *See* TEX. R. APP. P. 47.1.

### DISPOSITION

Our review of Emerson's mandamus complaints and the record leads us to conclude that he has not shown an entitlement to mandamus relief. Accordingly, we ***deny*** his petition for writ of mandamus.

JAMES T. WORTHEN
Chief Justice

Opinion delivered March 31, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[7] A trial court is "not required to issue a writ of habeas corpus if it is 'manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever.'" ***Ex parte Walker***, 489 S.W.3d 1, 7 (Tex. App.—Beaumont 2016, pet. ref'd) (quoting TEX. CODE CRIM. PROC. ANN. art. 11.15 (West 2005)). "If the trial court can determine from the face of the petition or the documents attached thereto that the applicant's claim for habeas relief is 'utterly without merit[,]' the trial court is 'justified in refusing to *grant* (issue) the writ without hearing it.'" ***Id***. (quoting ***Lofton v. State***, 777 S.W.2d 96, 97 (Tex. Crim. App. 1989)).

[8] "[I]t is improper to order a trial court to exercise its judicial (as opposed to its ministerial) function in a particular way unless the relator has a 'clear right to the relief sought,' i.e., the law he invokes is definite, unambiguous, and unquestionably applies to the indisputable facts of the case." ***State ex rel Young v. Sixth Judicial Dist. Court of Appeals at Texarkana***, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MARCH 31, 2020

NO. 12-20-00068-CR

**PHILIP J. EMERSON, JR.,**
Relator
V.

**HON. JEFF FLETCHER, HON. LUCY HEBRON,
AND KELLEY PRICE**
Respondents

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Philip J. Emerson, Jr.; who is the relator in appellate cause number 12-20-00068-CR and the defendant in trial court cause numbers 2020-062, 2020-063, 2020-064, and 2020-065. Said petition for writ of mandamus having been filed herein on February 28, 2020, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

James. T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2020**

**NO. 12-20-00069-CR**

**PHILIP J. EMERSON, JR.,**
Relator
V.

**HON. JEFF FLETCHER, HON. LUCY HEBRON,
AND KELLEY PRICE**
Respondents

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Philip J. Emerson, Jr.; who is the relator in appellate cause number 12-20-00069-CR and the defendant in trial court cause numbers CR20-012-2, CR20-013-2, CR20-014-2, and CR20-015-2. Said petition for writ of mandamus having been filed herein on February 28, 2020, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*